Henry C. McDuff Estate
vs. } Eq. No. 10126.
Giovanni Romano

Henry C. McDuff Estate
vs. } Eq. No. 10127.
Giovanni Romano

October 30, 1930.

HAHN, J. Heard upon the above petitions of the Henry C. McDuff Estate and Nicola Madonna to establish mechanics' liens against two lots of land in Providence described in the petitions as lots numbered 75 and 76 on plat of the Hardenburgh purchase.

The above described real estate was the property of Mario M. Di Orio, who, in September, 1929, deeded said property to the respondent Giovanni Romano. Thereafterwards, on September 10, 1929, and previous to recording of said deed, the respondent Romano executed a mortgage to the petitioner. McDuff Estate, in the sum of $4000. This mortgage was executed by Romano to the petitioner for the purpose of obtaining the money and materials necessary to erect a house on lot No. 75, being that form of mortgage usually given and known as a "construction loan."

It further appeared that in the purchase of said lot Romano paid $300 as a cash payment and thereafterward executed a mortgage for the balance of the purchase price of lots 75 and 76 for $1050, the entire price of said lots being $1350. This mortgage on both was executed and recorded on September 18, 1929, and the claimant Di Orio knew of and consented to the aforementioned construction loan and recorded his mortgage subsequent to the recording of the $4000 mortgage. On October 16, 1929, the respondent Romano executed another mortgage on lots 75 and 76 to the petitioner, McDuff Estate, for the sum of $4000, reciting the existence of the first mortgage for $4000, but not said $1050 mortgage already recorded. Said second $4000 mortgage was thereafterwards recorded and secured a construction loan for the erection of a house on lot 76.

In July of 1930, the petitioner foreclosed the first mortgage of $4,000 dated September 10, 1929, and sold said property for the sum of $6,000, the petitioner being the purchaser at the foreclosure sale.

It further appeared that previous to the sale of said property in foreclosure, the petitioner commenced proceedings to enforce the liens upon lots 75 and 76, which proceedings, as well as the claim of Di Orio, are the subject of the present hearing.

Previous to the execution of said first mortgage, the respondent Romano hired one Lepore to excavate cellars for two houses, and the same were excavated in August, 1929, the circumstances being that the respondent Romano had intended to build on lot 75 and when it appeared that it would cost $100 for one cellar or $150 for two cellars, he directed the excavating of two cellars, intending as he says, to build the first house on lot 75 immediately but had not fully made up his mind to build the second house on lot 76. The testimony, as well as subsequent acts of Romano, shows that at the time of excavating the cellars, he planned to build two houses but was considering offers of various people

with regard to prices and terms on the second house.

Two facts are quite clear in connection with this state of affairs. First, that there had been a commencement of building on both of the lots to such an extent that thereafterwards those laboring and furnishing materials would be entitled to their liens which would precede any mortgages thereafter placed upon said property.

"The statute gives the mechanics' lien precedence over any other lien after work began."

*McDonald* vs. *Kelly*, 14 R. I. 339.

It is contended on behalf of Mario M. Di Orio that the execution of the two mortgages by Romano to the McDuff Estate constituted a waiver of all liens and that the McDuff Estate relied upon such mortgages rather than its rights to liens, and so proceeded.

As to the first mortgage, this is quite clear. It was made after a search of the title and in an amount which the petitioner estimated would be sufficient to furnish money and materials necessary to complete the house on lot 75. Di Orio was willing that a construction loan mortgage should be placed upon the property previous to his mortgage. It was made with the full knowledge of the position of Romano in relation to the title of the property after a search of the title and so it would seem but just to say that insofar as the house constructed upon lot 75 is concerned, that materials furnished and money advanced to the extent of $4000, if such was the fact, should be allowed and on the foreclosure the petitioner should be allowed this amount and should have no rights of lien by reason of materials furnished, which, added to the money expended on the first house, would be in excess of $4000.

As to the second $4000 mortgage, which in reality is a third mortgage upon the property, we find that it was made without knowledge of the second mortgage given to Di Orio. The law does not hold one to have waived any rights which he would otherwise have had if the act claimed to constitute a waiver was done in ignorance of the facts.

Bowen, Law of Waiver, P. 20, § 2.
*Norton and Sons, Assignee,* vs. *Hope Milling Co.,* 101 Kentucky 223.

If the third mortgage of $4000 had not been placed upon the property there would have been no question but that the McDuff Estate would have been entitled to priority as against Di Orio's second mortgage in lien proceedings for materials furnished in the erection of the second house on lot 76, and having placed this third mortgage upon the land in ignorance of the existence of the second mortgage, unless by special agreement, it can not be held to be a waiver of petitioner's right of lien.

It is, therefore, the conclusion of the Court that the balance of $2000 received upon the foreclosure of the second mortgage standing in the place of the property sold should be subject to the claim of a lien for materials furnished for erecting a building upon lot 76 by petitioner, McDuff Estate, No. 10127, amounting, as appears in the bill of particulars, to $1,187.06; that a lien in favor of Nicola Madonna (No. 10194) for $460.00 is also allowed, and after the payment of these amounts, together with proper legal expenses, the balance should be applied upon the payment of the Di Orio mortgage.

Petition No. 10126 for a lien by reason of materials furnished in building on lot No. 75 is denied and dismissed.

Petitions of Antonio Lupo, Nos. 10195 and 10196, not having been advertised are denied and dismissed.

Decrees in accordance with this rescript may be entered.

For petitioner McDuff Estate: James E. Brennan.

For respondent Romano: John Di-Libero & Ralph Rotondo.

For petitioner Lupo: Arthur P. Johnson.

For petitioner Madonna: Arthur P. Johnson.